UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB M. PILE, | No. 2:20-cv-0728 CKD P |
| Plaintiff, | |
| v. | ORDER |
| BECKER, | |
| Defendant. | |

Plaintiff is an El Dorado County Jail prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On April 13, 2020, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court dismissed plaintiff's complaint for failure to state a claim upon which relief can be granted with leave to amend and provided plaintiff with instructions and guidance as to the contents of his amended complaint. Plaintiff has now filed an amended complaint.

As plaintiff now knows, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The court has reviewed plaintiff's amended complaint and finds that it also fails to state a claim upon which relief can be granted under federal law.  Plaintiff's amended complaint must be dismissed.  The court will provide plaintiff one final opportunity to state a claim upon which relief can be granted in a second amended complaint.

Plaintiff's alleges he was attacked by a "high risk gang member" inmate in a common area at the El Dorado County Jail.  Plaintiff suggests defendant should have ordered this inmate into his cell and locked the cell before permitting plaintiff to enter the common area.

As plaintiff has been informed, a pretrial detainee's right to be free from violence at the hands of other inmates arises from the Fourteenth Amendment. Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1067-1068 (9th Cir. 2016).  A prison official's failure to protect a pretrial detainee is actionable if four conditions are met:

1. The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
2. Those conditions put the plaintiff at substantial risk of suffering serious harm;

/////

/////

2

3. The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

4. By not taking such measures, the defendant caused the plaintiff's injuries.

Id. at 1071. As to the third element, the defendant's conduct must be objectively unreasonable. Id.

With respect to plaintiff's amended complaint, plaintiff fails to allege facts which suggest a reasonable officer would have understood that there was a high risk of harm to plaintiff by permitting plaintiff's attacker with access to plaintiff. Plaintiff's description of his attacker as "high risk" amounts to a "naked assertion." Also, defendant's awareness that the attacker was a "gang member," by itself, does not amount to an appreciation of a high degree of risk that plaintiff's attacker would attack plaintiff.

Finally, plaintiff is informed again that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to any prior pleading.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  April 29, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
pile0728.14(2)